**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | No. 12-10581 |
| Plaintiff - Appellee, | D.C. No. 1:04-cr-00222-SOM-1 |
| v. | |
| **JOHN LEO CERIZO,** | **MEMORANDUM**[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, Chief District Judge, Presiding

Submitted October 10, 2013[**]
Honolulu, Hawaii

Before:    **KOZINSKI**, Chief Judge, **FISHER** and **WATFORD**, Circuit Judges.

   **1.** A district court may order restitution as part of supervised release, see 18
U.S.C. § 3563, and adjust a restitution payment schedule in light of changes in the
"defendant's economic circumstances," 18 U.S.C. § 3664(k).  The district court

---

   [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

didn't abuse its discretion by requiring Cerizo to pay his underinsured motorist insurance award and unclaimed life insurance award towards restitution as a condition of his supervised release. See United States v. Watson, 582 F.3d 974, 981 (9th Cir. 2009).

2. Cerizo's claim that the district court erred in denying him bail pending his supervised release hearing is moot. Even if it were not, Cerizo's long history of dishonesty and ties outside Hawaii and the United States provided an ample basis for denying his bail request. See United States v. Garcia, 340 F.3d 1013, 1015 (9th Cir. 2003).

**AFFIRMED**